Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57276.**—Chase National Bank et al. *v.* United States, protests 712272–G, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57277.**—M. Modlin & Son et al. *v.* United States, protests 929743–G, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57278.**—Sayer & Company et al. *v.* United States, protests 21013–K, etc. (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57279.**—Freedman & Slater, Inc. *v.* United States, protests 186596–K, 193564–K, and 196895–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of hair of the vicuna in the grease, not scoured, the claim of the plaintiff was sustained.

**No. 57280.**—Freedman & Slater, Inc. v. United States, protests 193566–K, 196896–K (A), and 196983–K (B) (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of hair of the vicuna in the grease, not scoured, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 29, 1953

**No. 57281.**—Air Express International Agency v. United States, protest 181692–K (San Francisco).

FORD, Judge:   The merchandise covered by the suit listed above was classified by the collector as embroidered articles, and duty was levied thereon at the rate of 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.   Plaintiff claims the merchandise to be properly dutiable at 30 percent ad valorem under paragraph 923 of the said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, of the kind made dutiable therein at that rate.   Thereafter, on August 31, 1951, the application of the reduced rates of duty on merchandise imported from China were suspended (86 Treas. Dec. 300, T. D. 52788).   This suspension of rates as to merchandise imported from China changes the rate of duty from 30 percent ad valorem to 40 percent ad valorem under the Tariff Act of 1930.

At the trial of the case, a sample of the merchandise was admitted in evidence and marked illustrative exhibit 1, and counsel for the defendant admitted that these samples were the same as the involved merchandise, although out of a different shipment.

The examiner of merchandise at San Francisco testified for the plaintiff that the involved merchandise was petit point; that for the many years he had handled this type of merchandise "* * * it has always been classified—there are many decisions on it—that it is not embroidery under any circumstances, because embroidery is needlepoint after the article is completed, or the fabric; and this isn't; and it is component material of chief value.   But from experience, the cotton canvas is of more value than this small amount of wool."

The witness testified further that he would classify this merchandise "As manufactures of cotton, n. s. p. f.   This particular illustrative exhibit I would classify as manufactures of cotton, n. s. p. f."

The testimony, considered in connection with an examination of the sample, illustrative exhibit 1, shows that the involved merchandise consists of petit-point tapestry, which is produced by stitching a design, figure, or form upon a canvas base, and that this canvas base is composed in chief value of cotton.   In United States v. Field & Co., 10 Ct. Cust. Appls. 183, T. D. 38550, the Court of Customs Appeals said: